# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MACEO JONES,

    *Plaintiff*,

v.

HUGH HURWITZ, Acting Director, Federal Bureau of Prisons, *et al.*,

    *Defendants*.

Civil Action No. 18-612 (RDM)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions filed by Plaintiff Maceo Jones, proceeding *pro se*. The first is a motion for leave to amend the complaint to add his wife, Sallie Jones, as a plaintiff. Dkt. 10. The second is a motion for appointment of counsel. Dkt. 11.

First, Jones has filed a document titled "a motion to compel to amend" in which he appears to seek leave to add Sallie Jones as a plaintiff. *See* Dkt. 10 at 1. To the extent that Jones seeks leave to file an amended complaint, the Court notes that leave of court is not required to file one amended complaint before a responsive pleading or a motion under Rule 12(b), (e), or (f) has been filed. *See* Fed. R. Civ. P. 15(a)(1). If that is what Jones intends to do, he should file a single amended complaint that includes all of his relevant claims, including those of his wife. In addition, the Court notes that it is difficult to discern what claims Jones intends to assert. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a). Jones is cautioned that if he elects to file an amended complaint, he must do so in compliance with Rule 8. Because Jones's motion does not seek any relief for which the Court's approval is required,

the motion, Dkt. 10, is hereby **STRICKEN**.  It is further **ORDERED** that Jones shall file any amended complaint on or before August 10, 2018.

Second, Jones asks that the Court appoint counsel.  Dkt. 11.  Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  This Court's local rules instruct the Court to consider "the nature and complexity of the action, the potential merit of the *pro se* party's claims, the demonstrated inability of the *pro se* party to retain counsel by other means, and the degree to which the interest of justice will be served by appointment of counsel."  *Lamb v. Millennium Challenge Corp.*, 228 F. Supp. 3d 28, 47 (D.D.C. 2017) (citing D.D.C. L.R. 83.11(b)(3)).  Jones asserts that he is "in solitary confinement," which will "greatly limit [his] ability to litigate."  Dkt. 11 at 1.  He further notes that he wrote letters to several attorneys but did not receive any responses.  *Id.*  He has not demonstrated, however, that his claims are complex or that "any greater interest of justice will be served by appointing counsel in this case than in any other *pro se* case."  *Lamb*, 228 F. Supp. 3d at 47.  It is not yet clear, for example, whether his claims will survive threshold motions.  The Court therefore concludes that appointment of counsel is not warranted at this time.  Accordingly, Jones's motion for the appointment of counsel, Dkt. 11, is hereby **DENIED** without prejudice.

      **SO ORDERED**.


                                            /s/ Randolph D. Moss
                                            RANDOLPH D. MOSS
                                            United States District Judge

Date:  July 13, 2018