UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MACEO JONES,

    *Plaintiff*,

v.

HUGH HURWITZ, Acting Director, Federal
Bureau of Prisons, *et al.*,

    *Defendants*.

Civil Action No. 18-612 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiff Maceo Jones, proceeding *pro se*, is a federal prisoner in the custody of the United States Bureau of Prisons ("BOP"). On July 25, 2018, Jones filed a Motion for Temporary Restraining Order and Preliminary Injunction. *See* Dkt. 16. Because the Court concludes that Plaintiff has not made a showing that he is likely to succeed on the merits of his lawsuit, the Court will **DENY** his motion for a temporary restraining order and preliminary injunction.

### I. BACKGROUND

Jones alleges that the BOP has "constantly and continuously denied [him] care for a serious medical need contrary to a physician's instruction." Dkt. 16 at 3. As the Court understands Jones's allegations, Jones injured his hand and wrist during an altercation in December 2016. *Id.* at 2. After being seen by BOP medical professionals, Jones complained of severe pain and swelling and eventually was admitted to the emergency room at Princeton Community Hospital in January 2017. *Id.* His visit to the hospital revealed a bacterial infection. *Id.* at 1; *see also* Dkt. 19 at 3. Although Jones does not discuss his treatment there, it appears he was successfully treated for the infection at the hospital and that he was discharged in February 2017. Dkt. 16 at 2. Upon his release, the treating physician suggested that Jones receive a

1

course of "physical therapy." *Id.* From early 2017 onwards, Jones contends that the condition of his hand and wrist has continued to deteriorate and that prison staff has not "provide[d] [him] physical therapy" and has failed to "provide or arrange an outside therapist," as purportedly directed by the emergency room physician. *Id.* In his motion for a temporary restraining order and preliminary injunction, Dkt. 16, Jones seeks "release from solitary confinement" so that he can access both an "orthopedic" and "infectious [disease]. . . specialist," and a "prescription for a course of physical therapy" that will "restore and maintain the full function of his [r]ight arm and [r]ight wrist." Dkt. 16-1 at 2.

## II. ANALYSIS

"A preliminary injunction is an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004). To prevail, a party seeking a preliminary injunction must show (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Although the party attempting to establish these four factors may rely on "evidence that is less complete than in a trial on the merits," *NRDC v. Pena*, 147 F.3d 1012, 1023 (D.C. Cir. 1998), he nevertheless "bear[s] the burden of produc[ing] . . . credible" evidence sufficient to demonstrate his entitlement to injunctive relief, *R.I.L-R v. Johnson*, 80 F. Supp. 3d 164, 173 (D.D.C. 2015) (quotation marks omitted) (first alteration in original). "[T]he first and most important" of these four factors is whether the movant "ha[s] established a likelihood of success on the merits." *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014). If Jones cannot show a likelihood of success on the merits, "there is no need to consider the

2

remaining factors." *Greater New Orleans Fair Hous. Action Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, 639 F.3d 1078, 1088 (D.C. Cir. 2011). Because Jones has not shown a likelihood of success on the merits of his claim, the Court must deny his motion for injunctive relief.

Jones alleges that the BOP has violated the Eighth Amendment's prohibition on cruel and unusual punishment by denying him medical care. He brings his claim against the BOP under 42 U.S.C. § 1983. Framed in that manner, Jones's claim fails as a matter of law because "Section 1983 does not apply to federal officials acting under color of federal law." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). Recognizing that *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), is (at least in part) the "federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983," *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006), several decisions in this circuit have construed § 1983 actions against federal officials as *Bivens* actions, *see, e.g.*, *Smith v. Scalia*, 44 F. Supp. 3d 28, 40 n.9 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015); *Ballard v. Holinka*, 601 F. Supp. 2d 110, 119–20 (D.D.C. 2009). A *Bivens* action, however, "is an action against a federal officer seeking damages." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 368 (D.C. Cir. 1997). Although Jones raises a claim for compensatory damages in his complaint, *see* Dkt. 1 at 30, the present motion seeks only injunctive relief against the BOP and its employees in their official capacity as "agents and employees" of the BOP, Dkt. 16-1 at 1. *Bivens*, therefore, does not apply to Jones's current motion for injunctive relief.

Liberally construing Jones's motion, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), however, the Court will assume, *arguendo*, that Jones could bring his case under a "direct cause of action" arising under the Constitution. *See Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 190 (D.C. Cir. 2006) (citing *Hubbard v. U.S. EPA Adm'r*, 809 F.2d 1, 11 n.15 (D.C. Cir. 1986)

("The court's power to enjoin unconstitutional acts by the government, however, is inherent in the Constitution itself. . .") (citation omitted)); *see also Farmer v. Brennan*, 511 U.S. 825, 846 (1994) ("If the court finds the Eighth Amendment's subjective and objective requirements satisfied" with regard to a federal prisoner, "it may grant appropriate injunctive relief."). But, even under this assumption, Jones has not shown a likelihood of success on the merits of his Eighth Amendment claim. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). A prison official is "deliberately indifferent" if he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Moritsugu*, 163 F.3d 610, 614 (D.C. Cir. 1998) (quoting *Farmer*, 511 U.S. at 837). A violation can be "manifested by prison doctors in their response to the prisoner's needs" or by "prison guards in intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104–05. Deliberate indifference to a prisoner's medical needs must rise above the level of "mere negligence," *Wilson v. Seiter*, 501 U.S. 294, 305 (1991), and cannot be "inadvertent," *Estelle*, 429 U.S. at 105. Put differently, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106.

Under this standard, Jones's allegations fail to show that he is likely to prevail on his Eighth Amendment challenge. He alleges that, following an injury to his hand and wrist, prison staff "did not provide [him] physical therapy" and has failed to "provide or arrange an outside therapist" as allegedly directed by an emergency room physician in February 2017. Dkt. 16 at 2. In addition, he avers that he requires a "consultation with a physician qualified to assess and treat [his] fatal condition"—a reference to his "strep" infection. *Id.* at 1–2. In response, the BOP

4

offers the declaration of Eddie Anderson, a staff physician at the prison where Jones is incarcerated, attesting that Jones's "only chronic infectious disease is Hepatitis C" and that his condition is "being managed in BOP's chronic care clinic." Dkt. 19-1 at 1–2 (Anderson Decl. ¶¶ 1, 3, 6). Anderson further attests that Jones has been evaluated on at least five occasions since the injury to his hand, *id.* at 2 (Anderson Decl. ¶¶ 10–14), and has received regular treatment including antibiotics, anti-inflammatories, steroids, and muscle relaxers, *id.* (Anderson Decl. ¶ 8). And, Anderson also states that Jones has been seen by a neurologist, who scheduled an echocardiogram, a carotid ultrasound, and an MRI scan. *Id.* (Anderson Decl. ¶¶ 8, 10). When the neurologist then recommended a further cervical MRI, Jones refused the procedure, and his refusal was documented in his medical record. *Id.* (Anderson Decl. ¶ 13); *see also* Dkt. 21 at 11. According to Anderson, a physical therapist has provided Jones with a list of rehabilitative exercises and is assessing the efficacy of these exercises before recommending other options. Dkt. 19-1 at 2 (Anderson Decl. ¶ 14). The BOP has also provided, under seal, relevant medical records documenting Jones's evaluation by medical staff. *See* Dkt. 21.

Given this evidence, the Court finds that Jones has not met his burden of demonstrating that he is likely to succeed on the merits of his Eighth Amendment claim. That is not to say that any constitutional challenge to Jones's medical treatment will ultimately fail. At this stage of the litigation, however, Jones has not made the "'clear showing' of likelihood of success" that is necessary "for a preliminary injunction to be granted." *Sierra Club v. U.S. Dep't of Energy*, 825 F. Supp. 2d 142, 150 (D.D.C. 2011) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The Court, accordingly, will deny his motion for a temporary restraining order and preliminary injunction.

## CONCLUSION

For the reasons stated above, Jones's motion for a temporary injunction or preliminary injunction, Dkt. 16, is **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss  
RANDOLPH D. MOSS  
United States District Judge

Date: August 24, 2018