# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MACEO JONES,

      *Plaintiff*,

v.

THOMAS KANE, Acting Director of the Bureau of Prisons,[1] *et al.*,

      *Defendants*.

No. 18-CV-612 (RDM)

## MEMORANDUM OPINION

Plaintiff Maceo Jones, proceeding *pro se*, brings claims against the Bureau of Prisons ("BOP") and fourteen BOP employees for alleged violations of his constitutional rights while he was incarcerated at two different BOP facilities in West Virginia. Dkt. 1. Although his complaint is not easy to decipher, Plaintiff appears to raise a litany of claims, including assault, failure to provide medical care, failure to abide by and to enforce Department of Justice and BOP procedures, false accusations leading to administrative segregation, denial of his right to freely exercise his religion, denial of visitation rights, retaliation, and racial bias. *See* Dkt. 1. Defendants now move to dismiss Plaintiff's complaint, Dkt. 1, on several grounds, Dkt. 34. For the reasons that follow, the Court will **DISMISS** Plaintiff's complaint.

---

[1] Although Michael Carvajal is now the Director of the Federal Bureau of Prisons, Defendant Kane remains the appropriate defendant for Plaintiff's individual-capacity claims. Although Plaintiff states in his complaint that he is bringing suits against the defendants in both their individual and official capacities, *see* Dkt. 1 at 2-3, as explained below, Plaintiff does not in fact bring any claims amenable to suit against the Defendants in their official capacities, *see infra* note 4.

## I. ANALYSIS

Defendants offer four different bases on which some or all of Plaintiff's claims could be dismissed: (1) Jones's claims brought under 42 U.S.C. § 1983 fail as a matter of law because each of the defendants is a federal, rather than state, actor and was acting under color of federal law; (2) the Court lacks personal jurisdiction over certain defendants; (3) that venue is improper in this court; and (4) Plaintiff has failed to state a claim, let alone one that clears the high hurdle of qualified immunity. *See* Dkt. 34. The Court starts by addressing Plaintiff's Section 1983 claims before turning to whether Plaintiff has also brought *Bivens* claims and whether those claims must be dismissed.

### A. Plaintiff's Section 1983 Claims

Plaintiff alleges that he is bringing claims under 42 U.S.C. § 1983 against all Defendants. Dkt. 1 at 1. He does not contest, however, that those Defendants are all federal actors. Dkt. 1 at 2-3. Because, as Defendants rightly point out, Dkt. 34 at 8, "Section 1983 does not apply to federal officials acting under color of federal law," *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005), Plaintiff's Section 1983 claims fail as a matter of law.

### B. Plaintiff's *Bivens* Claims

In his opposition to Defendants' motion to dismiss, Plaintiff states that he intends to bring claims under both 42 U.S.C. § 1983 *and* under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, (1971), which provides a cause of action for money damages arising out of certain alleged constitutional violations by federal agents acting under color of federal law. The Court must liberally construe *pro se* pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must "consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss," *Brown v. Whole Foods Market Grp., Inc.*, 789 F.3d 146, 152

(D.C. Cir. 2015). The Court will, therefore, construe Plaintiff's complaint to assert *Bivens* claims against the Defendants in their individual capacities. But, because "[i]t is well established that *Bivens* remedies to not exist against officials sued in their official capacities," *Kim v. United States*, 632 F.3d 713, 715 (D.C. Cir. 2011) (citing *Clark v. Library of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984)), the Court will proceed on the understanding that, at most, Plaintiff alleges claims against the Defendants in their individual capacities.

Defendants argue that, even if the Plaintiff is bringing *Bivens* claims against the Defendants in their individual capacities, that does not save his suit, at least not in this Court because venue is improper. Dkt. 34 at 14–16. The D.C. Circuit has admonished judges of this Court to "examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). One means by which "a plaintiff could bring suit here that properly should be pursued elsewhere" is by "naming high government officials as defendants," even though the actual conduct at the core of plaintiff's suit occurred outside of Washington, D.C. *Id.* Thus, before turning to the venue analysis, the Court will first consider whether the claims against those "high government officials" are properly asserted. *See id.* (dismissing claims against senior government officials before turning to the venue analysis for the remaining claims).

Defendants move to dismiss the claims against the former Acting BOP Director under Rule 12(b)(6) on the grounds that Plaintiff has failed to "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. As Defendant rightly points out "Plaintiff . . . make[s] no mention whatsoever

3

of the actions the Acting BOP Director . . . undertook." Dkt. 34 at 23.  Accordingly, former Acting BOP Director Kane is dismissed from the suit.[2]

With Plaintiff's suit so narrowed, the Court turns to the question whether venue is proper in this District with respect to Plaintiffs' claims against the remaining Defendants.'[3]  Although the Court, in evaluating a motion to dismiss for improper venue, must "accept the plaintiff's well-pled factual allegations regarding venue as true" and must "draw[] all reasonable inferences from those allegations in the plaintiff's favor," *Chin-Young v. Esper*, No. 18-cv-2072, 2019 WL 4247260 at *1 (D.D.C. Sept. 6, 2019), the ultimate burden of establishing that venue is proper lies with the Plaintiff, *id*. (citing *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006)). Here, Plaintiff has not alleged any facts that would support venue in this District.

Venue in a *Bivens* action is governed by 28 U.S.C. § 1391(b).  *See Gonzalez v. Holder*, 763 F. Supp. 2d 145 (D.D.C. 2011) (citing *Stafford v. Briggs*, 444 U.S. 527, 544 (1980); *Cameron v. Thornburgh*, 983 F.2d 253 (D.C. Cir. 1993)).  That statute provides that a civil action may be brought in one of three places: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred;" or (3) "if there is no district in which an action may otherwise be brought as provided in this

---

[2]  Defendants also move to dismiss the allegations against Defendant Dunbar on the grounds that Plaintiffs complaint contains no allegations concerning her whatsoever.  Dkt. 34 at 23.  Agreeing with the Defendants' characterization of Plaintiffs' complaint, the Court dismisses Plaintiff's complaint against Defendant Dunbar.

[3]  Defendants also seek dismissal on personal jurisdiction grounds, but the Court "has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)).

section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Plaintiff does not allege that any of the remaining individual Defendants reside in the District of Columbia. *See* Dkt. 1 at 2-3; Dkt. 37 at 5.; *see also* 28 U.S.C § 1391(c) (defining "residency" for "natural person[s]" to be "the judicial district in which that person is domiciled"). Moreover, all of the events in question took place at two BOP institutions located in West Virginia. *See* Dkt. 1. Plaintiff points to only two possible bases for venue in the District of Columbia: his own residence here and the BOP's location here. Courts in this district have routinely held, however, that when "the only real connection [the] lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing" the administrative process forming the basis for Plaintiff's claims, "venue is not appropriate in the District of Columbia." *E.g.*, *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 81 (D.D.C. 2009) (citing *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008)). That principle applies with particular force in the present context, where Plaintiff has brought *Bivens* claims against an array of individuals, none of whom engaged in any relevant conduct in the District of Columbia.

Nor does Plaintiff's residence support venue in this District. For purposes of either a § 1983 or *Bivens* action, Plaintiff's own residence is not relevant. *See* 28 U.S.C. 1391(b). In any event, Plaintiff is a resident of the state of California because, under the law of this circuit, an incarcerated person resides "at the place of confinement," *In re Pope*, 580 F.2d 620, 622 (D.C. Cir. 1978) (per curiam); *see also Gatlin v. Piscitelli*, No. 18-2716, 2020 WL 515882 at *2 (D.D.C. Jan. 31, 2020); *Roman-Salgado v. Holder*, 730 F. Spp. 2d 126, 130 (D.D.C. 2010), and

he is currently incarcerated in Victorville, California, Dkt. 29.  The Court accordingly finds that venue is not proper in this District.

Where a case is filed in the wrong district, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The problem for Plaintiff is that it is not apparent from the papers where, exactly, the Court could transfer all of Plaintiff's claims.  The events alleged in the complaint took place at FCI Gilmer and FCI McDowell, which are both located in West Virginia, but are in two different judicial districts—the Northern and Southern Districts of West Virginia.  Dkt. 34 at 3.  Thus, there is no district to which the Court could transfer where venue would be proper under 28 U.S.C. § 1391(b)(2) with respect to all of Plaintiff's remaining claims.  And, although it is likely that at least one of the remaining individual defendants—all of whom were employed at prisons in West Virginia—resides in West Virginia for venue purposes such that venue would be proper under 28 U.S.C. § 1391(b)(1) or (3), the complaint lacks any allegations that, if accepted as true, would support venue in one of the two West Virginia districts.  Plaintiff is better situated than the Court, in any event, to select which of the two possible fora is preferable.  And, finally, the Court has substantial doubt that the complaint, s currently drafted, would survive a motion to dismiss brought under Federal Rules of Civil Procedure 8 and 12(b)(6).  Because the interest of justice is unlikely to be served by a transfer made under these circumstances, the Court concludes that the appropriate course is to dismiss Plaintiff's claims for improper venue.  Plaintiff may, of course, refile his complaint in whichever judicial district in West Virginia he concludes is appropriate.

## CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendants' motion to dismiss, Dkt. 34.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: February 28, 2020